**FILED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

JUN 10 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| MARK ANTHONY ORTEGA <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE <br><br> Defendant. | **Case No.** <br><br> **PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT** <br><br> **DEMAND FOR JURY TRIAL** |

**SA24CA0662FB**

## NATURE OF THE CASE

1. This action seeks to remedy the unlawful and intrusive telemarketing practices of Defendant, John Doe ("Doe"), who have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), by initiating unwanted telemarketing calls to Plaintiff Mark Anthony Ortega ("Plaintiff" or "Ortega") without his consent and in disregard of his status on the National Do Not Call Registry, causing him frustration, annoyance, and a sense of privacy invasion.

## BACKGROUND ON THE TCPA

2. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

3.    Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. See *Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).*

4.    The private right of action provided by the TCPA is essential to curbing these violations.

### JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.  See *Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

6.    This Court has personal jurisdiction over Defendant as they conducted business within this district and purposefully availed themselves of the privilege of conducting activities within the State of Texas.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

### PARTIES

8.    Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

9.    Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.    Defendant John Doe is an individual whose true legal name is currently unknown to Plaintiff. Plaintiff will amend this Complaint to reflect Doe's true legal name when ascertained.

**FACTUAL BACKGROUND**

11.    Seeking respite from the relentless intrusion of unwanted telemarketing calls, Plaintiff diligently registered his cellular telephone number, 210-744-XXXX ("Plaintiff's Number"), with the National Do Not Call Registry over twelve years prior to the events leading to this action. This registration served as a clear and unequivocal expression of Plaintiff's desire to be free from the nuisance and invasion of privacy caused by unsolicited telemarketing calls.

12.    Plaintiff has never granted express consent to Defendant, or any entity affiliated with them, to receive telemarketing calls.

13.    Despite Plaintiff's proactive efforts to protect his privacy, over the past five months, Plaintiff has received over 501 unsolicited and unwanted calls from Defendant Doe. These calls were made from multiple telephone numbers, many of which are believed to be spoofed. Several of those numbers being from legitimate caller IDs: 210-985-XXXX, 830-431-XXXX, 239-251-XXXX, and 346-342-XXXX.

14.    The calls are characterized by a consistent pattern of calling Monday through Friday between the hours of 9:00 AM and 9:00 PM, lasting approximately 11 seconds after which the caller promptly hangs up.

15.    The calls have significantly disrupted Plaintiff's daily life, causing him frustration, annoyance, and a sense of privacy invasion.

16.    The latest calls have been on May 31, 2024, Plaintiff received three separate calls from the number 210-985-XXXX within a short timeframe.

17.    Upon information and belief, the calls from the defendant's phone number 210-985-XXXX originated from the carrier Onvoy LLC.

18.    Upon information and belief, the calls from the defendant's phone number 830-431-XXXX originated from the carrier Peerless Network Inc.

19.    Upon information and belief, these repeated calls, coupled with the consistent pattern of spoofed numbers, demonstrate a calculated effort by Defendant Doe to circumvent the Do Not Call Registry and harass Plaintiff.

20.    It is nearly impossible to further identify the caller except through a subpoena because the defendant continues to hang up on the plaintiff without disclosing any information.

21.    Plaintiff has been harmed by the acts of Defendant because his privacy has been violated and he were annoyed and harassed. In addition, the calls occupied his telephone line, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**COUNT I**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b))**

22.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 21.

23.    The TCPA prohibits the use of any automatic telephone dialing system or an artificial or prerecorded voice to make any call (other than a call made for emergency purposes or with the prior express consent of the called party) to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

24.    The strikingly consistent pattern of calls, characterized by their timing, duration (specifically terminating after precisely eleven seconds), and frequency, strongly suggests the

utilization of an Automated Telephone Dialing System (ATDS) by Defendant in contacting Plaintiff. This pattern, occurring hundreds of times, presents compelling evidence of ATDS employment.

25.     Defendant did not have Plaintiff's prior express consent, either written or oral, to call.

26.     The calls were not sent for emergency purposes.

27.     As a result of Defendant's violation of the TCPA, Plaintiff suffered an invasion of his privacy, annoyance, nuisance, and frustration, and is entitled to statutory and/or actual damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.  Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B)).

B.  Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)).

C.  Award Plaintiff actual damages suffered as provided under 47 U.S.C. §227(b)(3)(B)).

D.  Issue a permanent injunction prohibiting Defendant from further calls to Plaintiff in violation of the TCPA as provided under 47 U.S.C. § 227(b)(3).

E.  Grant any other relief deemed just and equitable by the Court.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Mark Anthony Ortega**, demands a jury trial in this case.

Dated: June 5, 2024

Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se

By: _____

mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663