FILED

JUN 10 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARK ANTHONY ORTEGA

    Plaintiff,

v.

JOHN DOE

    Defendant.

Case No.

SA24CA0662 FB

JURY TRIAL DEMANDED

## MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby moves this honorable court to enter an order granting Plaintiff leave to serve a third-party subpoena under Rule 45 on Onvoy, LLC, Peerless Network, Inc. ("Carriers"), and any subsequent downstream providers as it may identify, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone numbers 210-985-2084, 830-431-9821, 239-251-3970, 346-342-4602. In support thereof, Plaintiff states the following:

### INTRODUCTION

As set forth in Plaintiff's complaint, Plaintiff received calls which he alleges violated the Telephone Consumer Protection Act ("TCPA") from an entity calling his number on the Do Not Call Registry calling him numerous times using an Automated Telephone Dialing System (ATDS). Compl. ¶¶11–27. Several of the calls came from the apparently legitimate caller IDs 210-985-2084, 830-431-9821, 239-251-3970, and 346-342-4602.

The Plaintiff does not know the legal entity who placed the calls and is also ignorant of

1

any address to serve the Defendant because Defendant did not reveal any identifying information.

Plaintiff has queried the database of Twilio, which lists which telephone provider services a particular number, among other information required to route telephone calls to the proper provider. Searching the above-described telephone numbers in this database reveals that majority of the numbers are serviced by Onvoy, LLC and Peerless Network, Inc. This database does not reveal subscriber identity, however, as that information remains with the Carriers.

In short, seeking the subscriber information for the telephone numbers from their respective Carriers, and any downstream carriers it may use, is the only way in which Plaintiff will be able to ascertain the true identity of the caller and effectuate service of process. Plaintiff will only use this information to prosecute the claims made in its Complaint and any amended pleadings in this matter. Without this information, Plaintiff cannot pursue this lawsuit to hold the caller that called him accountable for its actions in violating the TCPA.

## LEGAL ARGUMENT

a.   **Legal Standard Governing Discovery Requests to Identify an Anonymous Defendant**

Fed. R. Civ. P. 26(d)(1) permits a party to conduct discovery in advance of the conference of parties required by Fed. R. Civ. P. 26(f), "when authorized by these rules, by stipulation, or by court order." This district has adopted the "good cause" standard for expedited discovery, which, in essence, is "akin to a broader and more flexible totality of the circumstances analysis." *St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011); see also id. at 240 (citing several cases throughout the Fifth Circuit that have also adopted this good cause approach).

"Courts weigh several factors in the good cause analysis, including: (1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central

2

need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy." *Ensor v. Does* 1-15, No. A-19-CV-00625-LY, 2019 WL 4648486, at *2 (W.D. Tex. Sept. 23, 2019) (citing *Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm Identified*, 2012 U.S. Dist. LEXIS 137272, *3 (S.D. Tex. Sept. 24, 2012)).

Courts have found good cause for allowing limited expedited pre-service discovery to identify an unknown defendant. *Hunsinger v. Doe Corp.*, No. 3:22-CV-2444-M-BH, 2022 WL 16722344, at *2 (N.D. Tex. Nov. 4, 2022); *see also Priority Records, LLC v. Doe*, No. A-07-CA799 LY, 2007 WL 9710299, at *2 (W.D. Tex. Oct. 3, 2007) (finding good cause for expedited discovery where the plaintiffs had no means of identifying the defendants without discovery on the third-party internet service provider which owned the internet addresses used to download copyrighted music); *In re Cases Filed by Recording Companies*, No. 1:08-cv-00158-LY, 2008 WL 11411125, at *1–2 (W.D. Tex. Mar. 14, 2008) ("Plaintiffs should be afforded the opportunity to obtain discovery relevant to the identification of defendants they contend are liable to them.").

b.   **Good Cause Exists to Grant Plaintiff's Motion.**

*First*, the Plaintiff has demonstrated a *prima facie* claim for violations of the Telephone Consumer Protection Act. The Plaintiff has alleged that he received at least 501 calls from the Defendant from the above-described caller IDs. Compl. ¶ 13. The Plaintiff has alleged that the calls were made using an ATDS. ¶¶23, 24. The TCPA makes it unlawful to use an ATDS system to make any call without express prior consent . *See* 47 U.S.C. § 227(b)(1). Accordingly, the Plaintiff has stated a *prima facie* claim for TCPA violations.

*Second*, the Plaintiff seeks discovery for specific concrete information pertaining to the telephone numbers at issue in the litigation as identified on the messages he received. As

3

indicated above, the Plaintiff only seeks information to identify the subscriber of the telephone numbers at issue in this case, to include the name of the subscriber, address, contact telephone number, website, and e-mail address.

*Third*, there exist no alternative means whereby the Plaintiff can obtain the subpoenaed information. Calling the telephone numbers leads to a dead end because the calls are not answered. Therefore, apart from a subpoena, there is no other way to identify the company further. No other entity was identified on any of the messages or by calling back. Finally, searching information about the telephone numbers themselves on the internet turns up empty. A simple Google search of the numbers or the name used on the calls simply leads to sites stating that the calls are regarding vehicle warranties solicitations - statements which bolster the Plaintiff's case but are otherwise of little use.

Additionally, Plaintiff has searched the numbers in the Caller ID Database and in national skip tracing databases with no results, with the Caller ID Database simply identifying the caller name as "null" or the caller type as "UNDETERMINED". The Plaintiff has no way of identifying the caller's identity except through a subpoena on its telephone carriers.

*Fourth*, there is a central need for the subpoenaed information. As previously described, the Plaintiff cannot properly serve the Defendant or the entity on whose behalf they were calling without first ascertaining their identity from its telephone carrier. The identity of a defendant is critical to the ability of the plaintiff to serve process on defendant and proceed with the litigation. And, once Plaintiff has obtained this information, he can further investigate his claims and confirm that he has a good-faith basis to proceed. Because identifying Defendant by name is necessary for Plaintiff to advance the asserted claims, Plaintiff has established the fourth good cause factor.

*Finally*, the Defendant in this case has a minimal expectation of privacy in its own name

4

and address. The Defendant sent hundreds of calls to the Plaintiff. Compl. ¶¶ 13. It did not identify itself or provide any identifying information. *Id.* ¶ 28. There are no federal statute protecting the release of a telephone subscriber's information. Moreover, the Defendant has no reasonable expectation of privacy when they took steps themselves to contact the Plaintiff, essentially holding its telephone number out to the world. Furthermore, allowing discovery to merely obtain the identity of an infringing party is narrowly tailored and a customary practice to allow a Plaintiff to pursue remedy for his injury. *See Laface Records, LLC v. Atlantic Recording Corp.*, 2007 WL 4286189, at *1-2 (W.D. Mich. Sept. 27, 2007) (compiling cases applying the good cause standard and holding that "discovery to allow the [identification] of 'Doe' defendants is 'routine'").

## CONCLUSION

For the foregoing reasons, the Court should GRANT the Plaintiff leave to serve a Rule 45 subpoena on Onvoy, LLC and Peerless Network Inc., and any subsequent downstream telephone providers as it may identify, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone numbers 210-985-2084, 830-431-9821, 239-251-3970, 346-342-4602.

Dated: **June 5, 2024**                    Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se

By: _____
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

**CERTIFICATE OF CONFERENCE**

I certify that I was unable to confer with the Defendant because their identity has not yet been determined. This determination is pending the investigation following the release of subscriber information from Onvoy LLC and Peerless Network, Inc.

By: _/s/ M. A. O._

Mark Anthony Ortega

## CERTIFICATE OF SERVICE

I, Mark Anthony Ortega, certify that on June 5, 2024, I served the attached **MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** by traditionally filing the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas by mail.

By: _____

Mark Anthony Ortega

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE<br><br>Defendant. | Case No.<br><br>**SA24CA0662FB**<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] ORDER ON MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve A Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby **FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for him to serve a third-party subpoena on Onvoy, LLC, Peerless Network Inc., and any downstream telephone providers it identifies.

2. Plaintiff, may serve Onvoy, LLC, Peerless Network Inc., and any downstream telephone Providers it identifies a Rule 45 subpoena commanding the(m) to provide Plaintiff with the true name, address, contact telephone number, website, and e-mail address for the subscriber(s) to the telephone numbers 210-985-2084, 830-431-9821, 239-251-3970, and 346-342-4602.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any other entity that is identified in response to the subpoena as a sub-provider, lessor, call center, aggregator, or similar provider, of the calls to the Defendant.

4. Plaintiff may use the information disclosed in response to these subpoenas for the purpose of enforcing his TCPA claims, as more fully set forth in his complaint.

**IT IS HEREBY ORDERED** that Plaintiff's motion is **GRANTED**.

Dated: _____

                                                                              _____
                                                                              United States District Judge