IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § | |
| *Plaintiff*, | § | SA-24-CV-00662-FB |
| vs. | § | |
| JOHN DOE, | § | |
| *Defendant*. | § | |

# ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [#2]. This case arises under the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that he received at least 501 phone calls on his phone number, which is registered on the Do Not Call Registry, by subscribers using an Automated Telephone Dialing System ("ATDS"). The TCPA makes it unlawful to use an ATDS system to make any call without express prior consent. 47 U.S.C. § 227(b)(1). Through caller ID, Plaintiff was able to identify the four phone numbers from which the calls were made. But he does not know the legal entity who placed the calls and therefore does not know the identity of the defendant and is unable to effectuate service.

Plaintiff's motion asks the Court to grant it leave to serve third-party subpoenas to identify the name and contact information for the subscriber of various telephone numbers so that they may be served with process in this suit. Plaintiff utilized a database listing telephone provider services and discovered that the majority of the numbers at issue are served by Onvoy,

1

LLC, and Peerless Network, Inc. Plaintiff wishes to serve subpoenas on both entities and any subsequent downstream providers as Plaintiff may identify.

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). The Fifth Circuit has not adopted a specific standard for evaluating whether to permit expedited discovery, but courts in the Western District of Texas have adopted a "good-cause" standard. *See*, *e.g.*, *U.S. v. Abbott*, No. 1:23-CV-853-DAE, 2023 WL 6532633, at *1–2 (W.D. Tex. Aug. 3, 2023); *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 99.162.241.119*, No. 5:21-CV-01002-JKP, 2021 WL 5203338, at *2–3 (W.D. Tex. Nov. 8, 2021); *Hunter Killer Prods., Inc. v. Boylan*, No. EP-20-CV-00306-FM, 2021 WL 2878558, at *3–4 (W.D. Tex. Jan. 28, 2021). Under this standard, "a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *United Biologics, LLC v. Am. Acad. of Allergy*, No. SA-14-CV-35-OLG, 2014 WL 12637937, at *2 (W.D. Tex. Mar. 20, 2014) (emphasis, internal quotation marks, and citation omitted). In making this determination, courts commonly consider the following factors:

> (1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy.

*Presta v. Doe*, No. A-22-CV-00242-LY, 2022 WL 22248546, at *1 (W.D. Tex. Mar. 25, 2022). "The party seeking expedited discovery bears the burden of showing good cause, and the subject matter of the expedited discovery requests should be narrowly tailored in scope." *Abbott*, 2023 WL 6532633, at *2.

The Court will grant the motion because Plaintiff has established good cause for the early discovery.  Plaintiff has pleaded a prima facie claim of violations of the TCPA, and his discovery request is narrowly tailored to identify only the subscriber, address, contact telephone number, website, and email address of the defendants.  Additionally, Plaintiff has already pursued other avenues to discover the subscriber identity (by researching that information through publicly available databases and calling the phone numbers repeatedly), and Plaintiff cannot proceed with this case without this information.  Finally, Plaintiff's interest in identifying Defendant to pursue his TCPA claims outweighs any privacy interest of Defendant.  *See Presta*, 2022 WL 22248546, at *2 (finding good cause for early discovery in TCPA case and noting that utilizing Rule 26(d) to identify a "Doe" defendant is routine).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may serve Onvoy, LLC and Peerless Network, Inc., a Rule 45 subpoena commanding them to provide Plaintiff with the true name, address, contact telephone number, website, and email address for the subscriber(s) to the telephone numbers (210) 985-2084, (830) 431-9821, (239) 251-3970, and (346) 342-4602.

**IT IS FURTHER ORDERED** that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any other entity that is identified in response to the subpoenas served on Onvoy, LLC and Peerless Network, Inc. as a sub-provider, lessor, call center, aggregator, or similar provider.

**IT IS FURTHER ORDERED** that Plaintiff may, if necessary, request permission to serve additional subpoenas of any downstream providers it discovers after serving the subpoenas authorized by this Order.

**IT IS FINALLY ORDERED** that Plaintiff may use the information disclosed in response to the subpoenas for the purpose of enforcing his TCPA claims.

SIGNED this 23rd day of July, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE