FILED
July 15, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ MGR _____
          DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA<br>　　　　　　Plaintiff,<br>v.<br>FREEDOM SOLAR SERVICES D/B/A<br>BRIGHT SOLAR MARKETING<br>　　　　　　Defendant. | Case No. 5:24-CV-00662-FB-ESC<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1. This action seeks to remedy the unlawful and intrusive telemarketing practices of Defendant, Freedom Solar Services d/b/a Bright Solar Marketing ("Freedom Solar" or "Defendant"), who has violated federal and Texas state law by initiating unsolicited telemarketing calls to Plaintiff Mark Anthony Ortega ("Plaintiff"). Defendant's calls were made in disregard for Plaintiff's long-standing registration on the National Do Not Call Registry and his right to privacy.

2. To conceal its identity and evade detection, Defendant engaged in illegal "spoofing," deliberately transmitting misleading caller ID information to make it appear the calls were coming from different numbers. These calls, placed to Plaintiff's cellular telephone number, (210) 744-9663, continued despite Plaintiff's status on the Do Not Call Registry, which serves as a legal Do Not Call request to all telemarketers.

3. Defendant's conduct constitutes clear and repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), as well as the Texas Business and Commerce Code, specifically §§ 302, 305. Through this action, Plaintiff seeks statutory damages for each violation, an injunction to prohibit Defendant from making future illegal calls, and all other relief deemed just and proper by the Court.

## BACKGROUND ON THE TCPA

4. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

5. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. See *Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015)*.

6. The private right of action provided by the TCPA is essential to curbing these violations.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

8. This Court has personal jurisdiction over Defendant as they conducted business within this district and purposefully availed themselves of the privilege of conducting activities within the State of Texas.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

10. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

11. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant Freedom Solar Services, Inc., d/b/a Bright Solar Marketing is a California corporation with its principal place of business located at 43445 Business Park Drive, Suite 104, Temecula, California 92590. Defendant may be served with process by serving its registered agent or an officer at this address.

13. This Court has personal jurisdiction over Defendant because it conducts substantial business in Texas and purposefully availed itself of the privilege of conducting activities within this judicial district. Defendant specifically directed its illegal telemarketing calls to Texas residents, including Plaintiff, in an attempt to solicit business within the state.

## FACTUAL BACKGROUND

14. Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry in 2012.

15. Plaintiff has never granted express consent to Defendant, or any entity affiliated with them, to receive telemarketing calls.

16. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number 210-744-9663.

17. Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

18. Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

19. Defendant initiated a campaign of unsolicited telemarketing calls to Plaintiff's Number. The purpose of these calls was to generate sales leads and solicit Plaintiff to purchase Defendant's solar panel installation services.

20. On numerous occasions during these calls, Plaintiff explicitly stated to Defendant's representatives that he was not interested and demanded that they stop calling him. Despite these direct, oral do-not-call requests, Defendant continued to call Plaintiff.

21. Defendant called using multiple spoofed telephone numbers with the a non-exhaustive list of non-spoofed numbers utilized being: 346-342-4602 on May 23, 2024, at 9:58 AM, and 830-431-9821 on May 31, 2024.

22. As a direct and proximate result of Defendant's actions, Plaintiff has suffered concrete harm. Defendant's repeated and unwanted calls unlawfully intruded upon Plaintiff's privacy, causing significant annoyance, frustration, and harassment. These calls also encumbered Plaintiff's personal property by occupying his telephone line, consuming device battery, and diminishing cellular bandwidth, thereby impeding his ability to use his phone for legitimate and critical communications.

## COUNT I
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c))**

23. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22.

24. The Telephone Consumer Protection Act ("TCPA") prohibits any person or entity from initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry ("DNC Registry").

25. At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry.

26. Defendants, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of solar panels.

27. Defendants did not have Plaintiff's prior express written consent to place these telemarketing calls, nor did they have an established business relationship that would exempt them from the TCPA's prohibitions.

28. Defendant's acts as described above were done with malicious, intentional, and willful disregard for Plaintiff's rights under the law. Defendant's knowledge and willfulness are evidenced by their pattern of ignoring Plaintiff's direct and repeated requests to stop calling.

29. As a direct and proximate result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to an award of statutory, actual, and treble damages against Defendant.

**COUNT II**
**Violation of the Telephone Consumer Protection Act**
**Failure to Honor Do-Not-Call Request**
**(47 C.F.R. § 64.1200(d))**

30. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 22.

31. The TCPA and its accompanying regulations impose an affirmative obligation upon entities engaged in telemarketing to honor consumer requests to cease such solicitations. See 47 C.F.R. § 64.1200(d)(6).

32. Specifically, 47 C.F.R. § 64.1200(d)(6) requires a person or entity making calls for telemarketing purposes to maintain a record of a consumer's request not to receive further telemarketing calls and honor said request for 5 years from the time the request is made.

33. On or around May 23, 2024 and on numerous other occasions, Plaintiff expressly and unequivocally instructed Defendant to stop contacting him and place his number on their internal do-not-call list. Each of these verbal instructions constituted a legally effective do-not-call request pursuant to 47 C.F.R. § 64.1200(d).

34. As the entity engaged in telemarketing, Defendant had a direct and non-delegable legal duty to record and honor Plaintiff's request. Defendant completely failed in this duty by continuing to make subsequent telemarketing calls to Plaintiff.

35. As a result of Defendant's failure to implement, maintain, and honor an internal do-not-call list, and/or their intentional decision to disregard Plaintiff's requests, Plaintiff is entitled to statutory, actual, and treble damages against Defendant.

### COUNT III
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 302.101)

36. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22.

37. The actions of Defendant, as described herein, constitute "telephone solicitation" as defined under Tex. Bus. & Com. Code § 302.001(7), because they were unsolicited telephone calls to Plaintiff made for the purpose soliciting the sale of solar panels.

38. Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

39. A diligent search of the Texas Secretary of State's publicly available database confirms that even as of July 12, 2025, Defendant is still not registered to engage in telemarketing in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

40. Defendants' failure to register before placing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

41. Furthermore, Tex. Bus. & Com. Code § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT IV
### Violation of the Texas Business and Commerce
### (Tex. Bus. & Com. Code § 305)

42. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 22.

43. Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

44. As alleged in detail in Counts I and II, Defendant violated 47 U.S.C. § 227 by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being

registered on the National Do Not Call Registry and by failing to honor Plaintiff's direct do-not-call requests.

45. Because Defendant's conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

46. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

47. Furthermore, because Defendant's violations were committed knowingly or intentionally, as evidenced by their placing numerous calls after being told to stop, Plaintiff is entitled to an increased award of damages of up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. For Defendant's violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendant's violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

C. For Defendant's violations of the Texas Business & Commerce Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

D. Issue a permanent injunction prohibiting Defendant, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commerce Code;

E. Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

F. Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

G. Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: July 12, 2025

Respectfully submitted,

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663