**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK ANTHONY ORTEGA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **FREEDOM SOLAR SERVICES d/b/a** | ) | **Case No. 5:24-cv-00662-FB-ESC** |
| **BRIGHT SOLAR MARKETING, LLC,** | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**MOTION OF DEFENDANT, FREEDOM SOLAR SERVICES d/b/a BRIGHT SOLAR
MARKETING, FOR DISMISSAL OF PLAINTIFF'S COMPLAINT
<u>UNDER FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)</u>**

Defendant, Freedom Solar Services d/b/a Bright Solar Marketing ("FSS"), pursuant to

Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, files this motion to dismiss

the First Amended Complaint ("Complaint") filed by pro se Plaintiff, Mark Anthony Ortega.  As

detailed herein, Plaintiff lacks Article III standing to seek an injunction, and he otherwise fails to

state a claim against FSS.  Therefore, the Court should dismiss the Complaint.

**<u>INTRODUCTION</u>**

Plaintiff purports to assert four claims against FSS – two under the Telephone Consumer

Protection Act ("TCPA") and two under the Texas Business & Commerce Code ("TBCC").  The

thrust of the Complaint is that Defendants violated the TCPA's mandates concerning the "Do Not

Call" ("DNC") provisions of the TCPA.

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

First, Plaintiff lacks Article III standing to seek injunctive relief. His Complaint concedes that he

has not received a call since May 2024 – 16 months ago.  The caselaw firmly rejects requests for injunctive relief in these circumstances due to the absence of Article III standing.  Thus, Plaintiff's request for an injunction should be dismissed pursuant to Rule 12(b)(1).  Second, the Complaint should be dismissed pursuant to Rule 12(b)(6).  The vague, non-specific allegations – which, with limited exception, fail to provide any details regarding the alleged calls on which the Complaint is premised – do not comply with the *Iqbal*/*Twombly* pleading standards as applied to TCPA cases, as courts both within this Circuit and elsewhere uniformly have held. Moreover, while the Court need not reach the issue, Plaintiff's request for attorney's fees should be dismissed because, as a pro se Plaintiff, Plaintiff is not entitled to attorney's fees.  Therefore, his request for attorney's fees should be dismissed pursuant to Rule 12(b)(6).

## **RELEVANT BACKGROUND**

Plaintiff is alleged to be a resident of San Antonio, Bexar County, Texas.  (D.E. 29, ¶ 10.) FSS is alleged to be a California company with its principal place of business in California.  (*Id.*, ¶ 11.)  Plaintiff alleges that he registered his cellular telephone number with the National DNC Registry in 2012.  (*Id.*, ¶ 12.)  Plaintiff vaguely alleges that FSS "initiated a campaign of unsolicited telemarketing call to Plaintiff's Number" for the purported purpose of "generat[ing] sales leads and solicit[ing] Plaintiff to purchase Defendant's solar panel installation services."  (*Id.*, ¶ 19.) The Complaint provides no dates or any other information supporting those vague allegations. Plaintiff claims to have made "direct, oral do-not-call requests" on "numerous occasions" (*id.*, ¶ 20), but he provides no factual details whatsoever to support that allegation.  The only allegation even approaching the required specificity is Plaintiff's averment that FSS called Plaintiff on May 23, 2024, and on May 31, 2024. (*Id.*, ¶ 21.)

Based on those scant allegations, Plaintiff's Complaint asserts four claims against FSS –

2

one TCPA claim based on alleged violations of 47 U.S.C. § 227(c) and another based on 47 C.F.R. § 64.1200(d) generally related to an alleged failure to maintain proper procedures regarding DNC lists and related practices. (*Id.*, ¶¶ 23-35.) Plaintiff also asserts two claims under the TBCC – one for alleged violations of TBCC § 302.101 (concerning registration) and one for alleged violations of TBCC § 305.053 (the "Texas TCPA"). (*Id.*, ¶¶ 36-47.) Among other relief, Plaintiff seeks (1) damages under the TCPA, including trebling of such alleged damages due to supposed "willful and knowing" violations; (2) "a permanent injunction prohibiting" FSS "from placing any further telephone solicitations to Plaintiff" and (3) "all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses" purportedly available under TBCC § 302.302. (*Id.* at 8-9.)

## LEGAL STANDARDS

### I.    STANDING: RULE 12(b)(1)

The Court has described the Federal Rule of Civil Procedure 12(b)(1) standards as follows:

> Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002). 'Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.' *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

*Fund Texas Choice v. Paxton*, 658 F. Supp. 3d 377, 392-93 (W.D. Tex. 2023). "To have Article III standing, a plaintiff must '(1) have suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that will likely be redressed by a favorable decision.'"

3

*Id.* at 394 (quoting *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020)).

## II.   FAILURE TO STATE A CLAIM: RULE 12(b)(6)

"[T]he purpose of a Rule 12(b)(6) motion to dismiss is to weigh the legal sufficiency of a complaint." *In re Think3, Inc.*, 529 B.R. 147, 184 (Bankr. W.D. Tex. 2015).  "To avoid dismissal under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Calton v. Keller*, 2022 WL 4793626, *2 (W.D. Tex. Oct. 1, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)).  The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  While courts "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff," courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quotations omitted).  As the Fifth Circuit has held:

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail.  Facts that only *conceivably* give rise to relief don't suffice.  Thus, though [courts] generally take as true what a complaint alleges, [they] do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action.

*Smith v. Heap*, 31 F.4th 905, 910 (5th Cir. 2022) (quotations omitted; emphasis original).

## ARGUMENT

## I.   PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED UNDER RULE 12(b)(1) DUE TO THE LACK OF ARTICLE III STANDING.

The Complaint requests an "injunction prohibiting Defendant, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commerce Code."  (D.E. 29 at 9.)  Under the oft-cited standing formulation, "To

4

have Article III standing, a plaintiff must show an injury in fact that is fairly traceable to the challenged action of the defendant and likely to be redressed by the plaintiff's requested relief." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).  As to requests for injunctive relief, the Fifth Circuit has held:

> [P]laintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury. That continuing or threatened future injury, like all injuries supporting Article III standing, must be an injury in fact.  To be an injury in fact, a threatened future injury must be (1) potentially suffered by the plaintiff, not someone else; (2) concrete and particularized, not abstract; and (3) actual or imminent, not conjectural or hypothetical.  The purpose of the requirement that the injury be imminent is to ensure that the alleged injury is not too speculative for Article III purposes.  For a threatened future injury to satisfy the imminence requirement, there must be at least a substantial risk that the injury will occur.

*Id.* at 720-21 (internal quotations and footnotes omitted).  Plaintiff's allegations here fall well short of these standards.

Indeed, Plaintiff does not even plead the controlling standards, much less attempt to apply them to his inadequate allegations.  As relevant here, for a plaintiff to possess Article III standing, the "injury in fact" – meaning "an invasion of a legally protected interest" – must be "actual or imminent, not conjectural or hypothetical." *Dept. of Education v. Brown*, 600 U.S. 551, 561 (2023) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *accord*, *Deep South Ctr. for Environmental Justice v. U.S. Environmental Prot. Agency*, 138 F.4th 310, 320 (5th Cir. 2025) ("An injury in fact must be 'actual or imminent, not conjectural or hypothetical.'") (quoting *Lujan*, 504 U.S. at 560); *Matter of Roman Catholic Church of Archdiocese of New Orleans*, 101 F.4th 400, 408 (5th Cir. 2024) (injury-in-fact must be "concrete and particularized and actual or imminent, not conjectural or hypothetical") (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)); *U.S. Dept. of Defense v. Am. Federation of Gov't Employees, AFL-CIO, Dist. 10*, --- F. Supp. 3d ----, 2025 WL 2058374, *5 (W.D. Tex. July 23, 2025) ("An injury-in-fact occurs when

the plaintiff suffers 'an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.'") (quoting *Spokeo*, 578 U.S. at 339). This requires "a showing that the risk of similar future harm is 'sufficiently imminent and substantial.'" *Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021)).   As the Court recently held, the law is clear that "[a]n injury must be 'certainly impending' to warrant injunctive relief."   *In re ESO Solutions, Inc. Breach Lit.*, 2024 WL 4456703, *8 (W.D. Tex. July 30, 2024) (dismissing injunctive relief request, Court holding that it was a "far stretch to describe [plaintiff's alleged injury] as 'certainly impending'") (quoting *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013)); *see also Sierra Club v. U.S. Army Corps of Engineers*, 482 F. Supp. 3d 543, 557 (W.D. Tex. 2020) ("Injunctions are forward-looking remedies that may issue 'only if *future* injury is 'certainly impending.'") (quoting *Aransas Project v. Shaw*, 775 F.3d 641, 664 (5th Cir. 2014) (emphasis by *Sierra Club*).

Here, Plaintiff specifically alleges only two calls, both of which were received in May 2024 –14 months before he named FSS as a defendant in this lawsuit in July 2025.  (D.E. 29, ¶ 21.) There is no allegation that Plaintiff has received a call from FSS since May 2024, or that he is in imminent danger of receiving one.  Courts in this Circuit have rejected requests for injunctive relief in TCPA and TBCC cases on similar allegations that, as here, failed to allege any imminent threat of future harm.  *See, e.g.*, *Hunsinger v. 204S6TH LLC*, 2022 WL 1110354, *10 (N.D. Tex. Mar. 23, 2022) (where, on motion for default judgment, complaint "does not allege facts to show a realistic likelihood of a future TCPA violation by [defendant]," court held that "Plaintiffs' request for a permanent injunction is not appropriate and should be denied"); *Internal Med. Rural Health Clinic of New Albany, P.A. v. Langmas Group, Inc.*, 2019 WL 1905165, *1 (N.D. Miss. Apr. 26, 2019) (rejecting request for injunction in TCPA case: "Plaintiff's allegations establish neither a

likelihood of future harm nor the inadequacy of its remedy at law; accordingly, it is not entitled to an injunction."); *Shields v. Gawk Inc.*, 2019 WL 1787781, *6 (S.D. Tex. Apr. 24, 2019) ("There is no suggestion that additional robocalls from [defendant] are expected to flood the phone lines in the near future. With no imminent threat of repeated violations of the TCPA and/or Section 305.053, the Court sees little reason to invoke its equitable powers and impose permanent injunctive relief.").

Furthermore, the admitted fact that Plaintiff has not alleged receipt of a call since May 2024 buttresses the conclusion that he has not pleaded, and cannot plead, an imminent threat of future harm.  The passage of such a lengthy period of time since Plaintiff received any alleged calls demonstrates the lack of an immediate threat of another call, as courts consistently have held in dismissing requests for injunctive relief under the TCPA based on timeframes significantly less than the 14 months at issue here.  *See, e.g.*, *Hunsinger*, 2022 WL 1110354, *10 (order issued in March 2022, holding plaintiff lacked standing to seek injunction where "[t]here are no allegations that Plaintiff has received a call from [defendant] since his August 19, 2021 email requesting his number be removed from its calling list"); *Blair v. Assurance IQ LLC*, 2023 WL 6622415, *5 (W.D. Wash. Oct. 11, 2023) (where, at time of complaint, "it had been three months since the last alleged call" and plaintiff "does not allege continuing, present adverse effects due to his exposure to [the] calls," court "dismisses [plaintiff's] claim for injunctive relief"); *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, *4 (C.D. Cal. Dec. 27, 2016) ("At the time plaintiff initiated this action, plaintiff had not received an unsolicited call from [defendant] in approximately eight months. . . . In light of that fact, nothing indicates that plaintiff has more than a hypothetical stake in equitable relief.").

The Complaint concedes that Plaintiff has not received a call from Defendants in over 14

months, and there is no plausible allegation that he is in imminent danger of receiving another. Indeed, Plaintiff has not pleaded "a clear threat of continuing illegality portending immediate harmful consequences irreparable in any other manner" sufficient to obtain an injunction. *Posada v. Lamb County, Tex.*, 716 F.2d 1066, 1070 (5th Cir. 1983). Accordingly, his request for injunctive relief should be dismissed for lack of Article III standing.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

### A. The Total Lack of Details as to Content or Number of Calls or Applicable Phone Numbers Violates *Iqbal/Twombly*.

Plaintiff's near-total failure to allege the dates, number, and contents of the alleged calls plainly violates *Iqbal/Twombly*. "In a TCPA action, a plaintiff is expected to plead sufficient facts relating to the calls he claims to have received on his own phone to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Cunningham v. Britereal Mgt., Inc.*, 2020 WL 7391693, *5 (E.D. Tex. Nov. 20, 2020) (quotations omitted), *R&R adopted*, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020). "Facts relevant to this determination include the amount of calls received, the approximate date and time they were received, the phone number placing the calls, and the contents of the calls." *Id.* (citing cases).

Other than an allegation that Plaintiff received one call on May 23, 2024, and one on May 31, 2024, from different phone numbers (D.E. 29, ¶ 21), the Complaint contains none of these required details. The Complaint supplies no meaningful description of any specific alleged call's contents (which would determine whether it falls within the TCPA in the first place), and no phone numbers involved in the alleged calls other than the two referenced in Paragraph 21. That is wholly insufficient to allow Plaintiff's claims to proceed.

One district court in this Circuit, granting dismissal of a TCPA complaint based on deficiencies similar to those in Plaintiff's Complaint here, held, in language that applies with equal

8

force to Plaintiff's Complaint:

> The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. The Amended Complaint does not provide sufficient factual allegations regarding the source, time, and frequency of the calls. Plaintiff claims he received 'one or more phone calls' to his cell phone, but does not provide the date or time these calls were received beyond stating the calls were made 'in 2015 and/or 2016.' It is unclear how many calls Plaintiff is alleging to have received; he states his belief that Defendant has called over 100 times and makes references to having 'received a call at on more than one occasions [sic],' but does not describe the time, date, or circumstances of any one specific call he is claiming to have received. Instead, the Amended Complaint contains only vague generalizations regarding how many calls Plaintiff received. While the Court recognizes that the Plaintiff is not required to plead specific details of every alleged offense or facts that may only be obtained through discovery, *the Plaintiff should be capable of pleading at least some facts relating to the calls he is claiming to have received on his own phone*, such as the approximate number of offending calls or approximate date they were received.

*Cunningham v. TechStorm, LLC*, 2017 WL 721079, *2 (N.D. Tex. Feb. 23, 2017) (emphasis added). Other courts in this Circuit have dismissed TCPA complaints based on the same deficiencies present in Plaintiff's Complaint here – including in pro se cases such as this case. *See, e.g.*, *Wass v. Amerigroup Texas, Inc.*, 2020 WL 4464361, *4 (N.D. Tex. Aug. 3, 2020) (granting dismissal where pro se plaintiff "does not provide substantive factual allegations about the source, time, and frequency of the calls," holding that plaintiff "must plead at least some relevant facts relating to the calls he claims to have received, such as the approximate dates of the calls or the phone number of the caller"); *Ford v. Fitness Int'l, LLC*, 2018 WL 4376415, *4 (N.D. Tex. Aug. 15, 2018) (holding that plaintiff's complaint was "deficient in that it does not provide sufficient factual allegations regarding the source, time, and frequency of any calls"), *R&R adopted*, 2018 WL 4362606 (N.D. Tex. Sept. 13, 2018).

The Complaint's failure to provide any details regarding the alleged calls violates basic pleading standards. Consequently, Plaintiff's Complaint should be dismissed, as other district courts – in addition to the Fifth Circuit district court cases cited above – have held. *See, e.g.*,

*Barton v. George*, 2025 WL 1884098, *4 (W.D. Wash. July 8, 2025) (denying default judgment in pro se case and holding that "without knowing the specific dates, receiving phone number, and details of each allegedly illegal call, the Court cannot determine the merits of the statutory claims" and "Plaintiff's failure to identify the specific calls . . . undermines any claims for statutory damages, which requires calculating the number of violations"); *Gillam v. Reliance First Capital, LLC*, 2023 WL 2163775, *3 (E.D.N.Y. Feb. 22, 2023) (dismissing TCPA claim where plaintiff "failed to allege sufficient facts regarding the content of the calls from which the Court could infer that the purpose of the calls was to encourage the purchase or rental of, or investment in, property, goods, or services") (quotations omitted); *Greene v. Select Funding, LLC*, 2021 WL 4926495, *5 (C.D. Cal. Feb. 5, 2021) (dismissing TCPA claim where "Plaintiff . . . has not alleged the content of the other calls that would allow the Court to reasonably infer that these other calls were solicitations"); *Aaronson v. CHW Group, Inc.*, 2019 WL 8953349, *2 (D.N.J. Apr. 15, 2019) (granting dismissal: "The Complaint is devoid of facts such as how the caller identified itself, the substance of the calls, or any other details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiff's phone."); *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2018 WL 7350923, *2 (M.D. Fla. Aug. 23, 2018) ("[I]t is incumbent upon Plaintiff to provide plausible allegations, at minimum, of the number of calls made, when the calls took place, the subject matter and content of the calls, and the identity of the caller. . . .Because the Complaint lacks sufficient allegations to draw the reasonable inference that Defendant [] is liable for the misconduct alleged, it must be dismissed."); *Gulden v. Consolidated World Travel Inc.*, 2017 WL 3841491, *3 (D. Ariz. Feb. 15, 2017) (granting dismissal where pro se plaintiff alleged that defendant "initiated the alleged calls" but "offer[ed] no factual support for this statement, which leaves the Court wondering how

10

Plaintiff concluded that Defendant was the source of the alleged calls") *Sepehry-Fard v. Dept. Stores Nat'l Bank*, 15 F. Supp. 3d 984, 988 (N.D. Cal. 2014) (dismissing pro se plaintiff's TCPA claims where "plaintiff does not identify when the particular calls were made, what was said during those calls, and whether those specific calls were placed using a prerecorded voice") (parenthetical omitted); *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) (granting dismissal where plaintiff made allegations "without any dates, details or identifying phone numbers," which failed to provide "the defendant fair notice of what the ... claim is and the ground upon which it rests") (quoting *Twombly*, 550 U.S. at 545); *see also Bell v. Hawx Services, LLC*, 2025 WL 2533371, **3-4 (E.D. Cal. Sept. 3, 2025); *Weingrad v. Top Healthcare Options Ins. Agency Co.*, 2024 WL 4228149, *4 (E.D. Pa. Sept. 17, 2024).[1]

## B. Plaintiff's Request for Attorney's Fees Should Be Dismissed.

Plaintiff prays for "all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses" purportedly available under TBCC § 302.302. (D.E. 29 at 8-9.)   As a pro se plaintiff, however, he is not entitled to attorneys' fees.

Indeed, courts in this District and elsewhere in this Circuit have cited and applied "the Fifth Circuit's general rule not to award statutorily mandated attorneys' fees to pro se litigants." *In re Hernandez*, 2025 WL 1261108, *5 (W.D. Tex. Apr. 30. 2025) (quotations omitted); *Edwards v. Palmer Fin. Consultant, Inc.*, 2025 WL 1569486, *6 (W.D. Tex. Apr. 9, 2025) ("there are no attorneys' fees to speak of as [plaintiff] is representing himself pro se"); *Douglas v. JP Morgan*

---

[1] Because the TCPA claim should be dismissed, it necessarily follows that the TBCC claims should, likewise, be dismissed. *See Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA."); *see also McRae v. American Protection Plans, LLC*, 2021 WL 12299987, *9 (W.D. Tex. Feb. 24, 2021) (quoting *Cherkaoui*).

*Chase Bank, N.A.*, 2014 WL 12580446, n.1 (W.D. Tex. Feb. 26, 2014) ("Because Plaintiff is appearing pro se, attorneys fees are not an issue."); *Duncan v. Bank of N.Y. Mellon*, 2013 WL 12394351, n.113 (W.D. Tex. May 1, 2013) ("[P]laintiffs are presently proceeding pro se and as such cannot claim recovery for attorneys' fees."); *see also McLean v. Int'l Harvester Co.*, 902 F.2d 372, 375 (5th Cir. 1990) (reciting "this circuit's general rule not to award statutorily mandated attorneys' fees to pro se litigants"); *Perkins v. Texas Dept. of Criminal Justice-Correctional Inst. Div.*, 514 Fed. Appx. 488, 489 (5th Cir. 2013) ("[Plaintiff] is not entitled to attorneys' fees as a pro se litigant."); *Brown as next friend for R.B. v. Splendora Ind. School Dist.*, 2025 WL 1261108, *3 (S.D. Tex. Apr. 30, 2025) ("Given Plaintiff is proceeding pro se, he is not entitled to attorney's fees.") (citing *Perkins*); *Davis v. Wise*, 2023 WL 3853589, n.61 (S.D. Tex. June 6, 2023) ("[Plaintiff] also seeks attorneys' fees, . . . which he is not entitled to receive as a pro se litigant."); *In re Vaidya*, 2021 WL 389086, *9 (Bankr. S.D. Tex, Feb. 3, 2021) ("[I]t is the general rule in the Fifth Circuit 'not to award statutorily mandated attorneys' fees to pro se litigants.'") (quoting *McLean*)); *Halton v. Select Portfolio Servicing, Inc.*, 2019 WL 1243923, *7 (N.D. Tex. Mar. 3, 2019) ("[Plaintiff] requests an award of attorneys' fees. . . . However, she is not entitled to attorneys' fees as a pro se litigant.").  Plaintiff's pro se status precludes from obtaining attorney's fees.  Therefore, his request for attorney's fees under the TBCC (or any other statute) should be dismissed.[2]

---

[2] Plaintiff does not appear to seek attorney's fees pursuant to the TCPA.  Regardless, the TCPA is not a fee-shifting statute, meaning that plaintiffs, whether or not pro se, cannot recover attorney's fees under the TCPA.  *See Whatley v. Creditwatch Services, Ltd.*, 2014 WL 1287131, *6 (E.D. Tex. Mar. 31, 2014) ("Attorneys' fees are not recoverable under the Telephone Consumer Protection Act even though Plaintiff prevailed on those claims and recovered $8,000 in damages."); *see also Leon v. Advanced Lending Solutions Co., LLC*, 2024 WL 4215670, *3 (S.D. Fla. Aug. 5, 2024); *Martinez v. Alltran Financial LP*, 2021 WL 1017229, *1 (D. Ariz. Mar. 17, 2021); *Castillo v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 496072, *4 (N.D. Cal. Jan. 30, 2020);

**CONCLUSION**

For the reasons discussed herein, Defendant, Freedom Solar Services d/b/a Bright Solar Marketing, respectfully requests that the Court (1) dismiss Plaintiff's request for injunctive relief for lack of Article III standing pursuant to Fed. R. Civ. P. 12(b)(1); and (2) dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

DATED:    September 11, 2025.

By: *s/ William J. Akins*
William J. Akins
State Bar No. 24011972
PIERSON FERDINAND LLP
2021 Guadalupe Street, Suite 260
10501 Crow Wing Cove
Austin, Texas 78701
Telephone: (214) 924-9504
william.akins@pierferd.com

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 2, 2025:

I provided written notice to Plaintiff via email detailing the deficiencies in his First Amended Complaint.

Plaintiff stated, in an emailed response, that his claims are properly pleaded and he has no intention of dismissing or amending them: "Thank you for your email but I will not be dismissing my claims nor amending my First Amended Complaint. My claims are sufficiently pleaded and I intend to pursue them."

I notified Plaintiff of the Court's Standing Order and opportunity to amend: "I appreciate your prompt response. I understand that you do not intend to amend your complaint. Nevertheless, I am sending the Court's procedures to you, as they

---

*Pascal v. Concentra, Inc.*, 2019 WL 3934936, *4 (N.D. Cal. Aug. 20, 2019); *Kline v. United Northern Mortgage Bankers Ltd.*, 2018 WL 4404674, *3 (M.D. Pa. Sept. 17, 2018); *Richardson v. Verde Energy USA, Inc.*, 2016 WL 7380708, *6 (E.D. Pa. Dec. 19, 2016).

require.  You have an opportunity to amend, and, if you choose to do so, you must so advise the Court within 7 days from today:  https://www.txwd.uscourts.gov/wp-content/uploads/2024/06/3DPlanet.standingorder.internet.pdf.”

By: *s/   William J. Akins*
William J. Akins


## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will serve all counsel of record.


By: *s/   William J. Akins*
William J. Akins