IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § | |
| *Plaintiff,* | § § § | SA-24-CV-00662-FB |
| vs. | § § | |
| FREEDOM SOLAR SERVICES, | § § | |
| *Defendant.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Freedom Solar Service's Motion for Dismissal of Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) [#34]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant Freedom Solar Service's Motion to Dismiss [#34] be **GRANTED** as to Plaintiff's claims under the TCPA as well as Section 305 of the Texas Business and Commerce Code. It is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim and that this claim be dismissed without prejudice to refiling in state court.

## I.  Background

This case arises out of unauthorized telephonic communications that Plaintiff Mark Ortega alleges he received from Defendant Freedom Solar Services d/b/a Bright Solar Marketing

1

("Freedom Solar").  The live pleading is the First Amended Complaint [#28].  Mr. Ortega alleges two violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).  He also alleges two violations of the Texas Business and Commerce Code, Tex. Bus. & Com. Code §§ 302, 305. Mr. Ortega seeks statutory damages, injunctive relief, and the award of attorney's fees.  After conferring in compliance with Judge Garcia's Standing Order, Defendant filed a motion to dismiss [#34]; Mr. Ortega responded [#35]; and Defendant replied [#37].  The motion is ripe for the Court's review.

## II.  Legal Standards

Defendant has moved to dismiss Ortega's claims for injunctive relief for lack of subject matter jurisdiction under Rule 12(b)(1) and his remaining claims[1]  for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A.    Dismissal for Lack of Subject-Matter Jurisdiction

Motions filed under Rule 12(b)(1) allow a party to challenge the subject-matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  To survive a Rule 12(b)(1) motion to dismiss, a plaintiff must establish this Court's jurisdiction through sufficient allegations.  *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  "A court may base its disposition of a motion to dismiss for lack of subject matter

---

[1] Although Defendant seeks to dismiss of all of Mr. Ortega's claims, its motion does not address Plaintiff's claim brought pursuant to Section 302 of the Texas Business and Commerce Code, which contains state registration requirements for entities conducting telemarketing calls. This claim will be addressed in Section IV.D.

jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) (quoting *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997)).  The burden of proof rests on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161.

Absent standing, a federal court does not have subject-matter jurisdiction to address a plaintiff's claims. *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006).  The doctrine of standing addresses the question of who may properly bring suit in federal court and "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560. Article III standing requires the satisfaction of three elements: (1) a concrete and particularized injury-in-fact, either actual or imminent; (2) a causal connection between the injury and defendant's challenged conduct; and (3) a likelihood that the injury suffered will be redressed by a favorable decision. *Id.* at 560–61.

**B.     Dismissal for Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

3

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted).   However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim.  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).  In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief.  *See Twombly*, 550 U.S. at 570.

### III.   Allegations in Plaintiff's First Amended Complaint

Mr. Ortega alleges that he is an individual who resided in San Antonio, Texas, at all times relevant to this lawsuit.  (First Am. Compl. [#28], ¶ 10.)  He states that he registered his cellular telephone number, 210-744-9663, with the National Do Not Call Registry in 2012.  (*Id.* ¶ 14.)   He alleges that he uses this phone number "primarily for personal, residential, and household purposes."  (*Id.* ¶ 17.)  Mr. Ortega alleges that Defendant initiated a "campaign of unsolicited telemarketing calls" to his number to "generate sales leads and solicit [his] purchase of Defendant's solar panel installation services."  (*Id.* ¶ 19.)  He asserts that Defendant called his cellphone using multiple "spoofed" telephone numbers and using non-spoofed numbers on two specific instances: 346-342-4602 on May 23, 2024, at 9:58 a.m., and 830-431-9821 on May 31, 2024.  (*Id.* ¶ 21.)

According to Mr. Ortega, he explicitly stated to Defendant's representatives on "numerous occasions" during these calls that he was not interested in their services and that he did not wish to be contacted.  (*Id.* ¶ 20.)  He states that Defendant failed to maintain and honor

an internal do-not-call list and/or intentionally decided to disregard his do-not-call requests by making subsequent telemarketing calls. (*Id.* ¶ 34-35.) He further alleges that Defendant is not registered to engage in telemarketing with the Texas Secretary of State. (*Id.* ¶ 39.) Mr. Ortega asserts that Defendant's repeated and unwanted calls intruded upon his privacy; caused frustration, annoyance, and harassment; and encumbered his personal property by occupying his phone line, consuming battery, and diminishing his phone's bandwidth. (*Id.* ¶ 22.)

## IV. Analysis

In its motion to dismiss, Defendant argues that Mr. Ortega lacks standing to assert a claim for injunctive relief to prevent future violations of the TCPA and Texas Business and Commerce Code because he has not plausibly alleged that he faces imminent continuing or future harm. Defendant also argues that Mr. Ortega has failed to plead sufficient facts related to the dates, number, and contents of the alleged calls to state a claim for damages under the TCPA and the Texas Business and Commerce Code. The undersigned agrees, and recommends that the District Court dismiss Plaintiff's claims for injunctive relief and damages under both the TCPA and Texas Business and Commerce Code, and that it decline to exercise supplemental jurisdiction over his remaining state law claims.

### A.    Plaintiff lacks standing to assert a claim for injunctive relief.

The Court should dismiss Ortega's claims for injunctive relief because he lacks standing. To demonstrate the existence of a case or controversy for purposes of Article III standing when a plaintiff seeks injunctive relief, a plaintiff "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). A plaintiff who seeks injunctive relief can satisfy the redressability requirement "only by demonstrating a

continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) (citing *Lyons*, 461 U.S. at 105).  For a threatened future injury to satisfy the imminence requirement, there must be "at least a 'substantial risk' that the injury will occur." *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

Here, Plaintiff has failed to allege facts demonstrating a continuing injury or a substantial risk that future injury will occur.  In his response to Defendant's motion to dismiss, Mr. Ortega points to allegations in his live pleading that he is experiencing "ongoing harassment that continues to this day."  Although his First Amended Complaint abstractly alleges a "campaign" of unsolicited calls, Mr. Ortega's pleadings make no reference to ongoing calls or other harm.  His pleadings identify only two dates on which a call occurred: May 23, 2024, and May 31, 2024.  Allegations of two phone calls, both of which occurred more than a year prior to when he filed his First Amended Complaint in July 2025, fail to demonstrate a "substantial risk" that Mr. Ortega will continue receiving unsolicited calls from Defendant.

The Court may look beyond Mr. Ortega's complaint in evaluating its subject-matter jurisdiction over his claim for injunctive relief.  *See Montez*, 392 F.3d at 149.  But even if it did so, the Court would still find no evidence of ongoing or threatened future injury.  As an attachment to his response to Defendant's motion to dismiss, Mr. Ortega has produced email correspondence that he states is related to a third-party subpoena served on AM Communication Labs, Inc.  ([#35-1].)  The emails refer to only one other alleged phone call date: June 5, 2024. Even if the Court were to consider these emails, which Defendant objects to as hearsay, it would still find no proof of continuing or threatened future injury.  Faced with similarly scant evidence of ongoing or future injury, district courts in this Circuit have repeatedly denied requests for injunctive relief based on alleged TCPA violations.  *See, e.g., Shields v. Gawk Inc.*, No. 3:18-

CV-00150, 2019 WL 1787781, at *5-6 (S.D. Tex. Apr. 24, 2019); *Hunsinger v. 204S6TH LLC*, No. 3:21-CV-2847-G-BH, 2022 WL 1110354, at *10 (N.D. Tex. Mar. 23, 2022).

Accordingly, the undersigned finds that Mr. Ortega has failed to allege facts from which it appears there is a substantial likelihood he will suffer injury in the future, thus failing to satisfy the standing requirements of Article III. The District Court should therefore dismiss Plaintiff's claim for injunctive relief under the TCPA and Texas Business and Commerce Code for lack of subject-matter jurisdiction.

**B.**     **Plaintiff has failed to state plausible claims for relief under Section 227 of the TCPA and Section 305 of the Texas Business and Commerce Code.**

Defendant asserts that Mr. Ortega has failed to plead sufficient facts related to the dates, number, and contents of the alleged calls to state a claim for relief under the TCPA and, therefore, under the Texas Business and Commerce Code. Mr. Ortega responds that he has pleaded specific facts that provide Defendant with sufficient notice of his claims and that including specific examples of allegedly illegal phone calls within a broader campaign is sufficient to state a plausible claim for relief. The undersigned recommends that the District Court grant Defendant's motion to dismiss Mr. Ortega's claims under the TCPA and Texas Business and Commerce Code.

Mr. Ortega first asserts a claim for relief under Section 227(c) of the TCPA. This statute regulates telemarketing practices to protect the privacy rights of those with residential phone numbers registered with the National Do Not Call Registry. Section 227(c)(5) provides a private right of action for a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). The "regulations prescribed under this subsection" are codified at 47 C.F.R. § 64.1200.

Mr. Ortega alleges that Defendant initiated a "campaign of unsolicited telemarketing calls" to his number to generate sales leads and solicit his purchase of Defendant's solar panel installation services,.  (First Am. Compl. [#28], ¶ 19.)  He asserts that Defendant called his cellphone using multiple "spoofed" telephone numbers and using non-spoofed numbers on two specific instances.  (*Id.* ¶ 21.)  Mr. Ortega specifically alleges that Defendant called him from the number 346-342-4602 on May 23, 2024, at 9:58 a.m., and from 830-431-9821 on May 31, 2024. (*Id.*)  Citing several district court decisions from within and outside this Circuit where claims brought under Section 227(c)(5) of the TCPA were dismissed for failure to allege sufficient facts about the "source, time, and frequency of the calls," Defendant argues that Mr. Ortega's pleadings do not contain sufficient detail.[2]  *See, e.g., Ford v. Fitness Int'l, LLC*, 3:17-cv-1460-L-BT, 2018 WL 4376415, *4 (N.D. Tex. Aug. 15, 2018), *R&R adopted*, 2018 WL 4362606 (N.D. Tex. Sept. 13, 2018) (plaintiff failed to state a TCPA claim where he alleged that defendant engaged in a "pattern and practice" of calling him on his cellphone without specifying dates of the calls); *Wass v. Amerigroup Texas, Inc.*, 4:20-cv-00445-BP, 2020 WL 4464361, at *4 (N.D. Tex. Aug. 3, 2020) (plaintiff failed to state a TCPA claim where he alleged the date and approximate time of only one of five unwanted calls and did not plead the number of the caller). In his response, Mr. Ortega relies on a single case from this District to assert that his pleadings are sufficiently detailed.  *See Callier v. MultiPlan, Inc.,* No. EP-20-CV-00318-FM, 2021 WL 8053527 (W.D. Tex. Aug. 26, 2021) (plaintiff stated a TCPA claim where he pleaded the time, date, and numbers of calls for seven out of nine calls attributed to a group of defendants).

---

[2] Other authorities cited by Defendant, however, involve claims that were pleaded under different sections of the TCPA than the ones at issue in this case.  Because claims under other sections of the TCPA, such as Section 227(b), are comprised of different elements than the claims that Mr. Ortega pleads in this case, the undersigned does not consider those authorities here.

The undersigned finds that Mr. Ortega's pleadings fail to state a claim under Section 227(c)(5) of the TCPA.  Mr. Ortega is not required to "plead specific details of every alleged offense or facts that may be only obtained through discovery" to survive Defendant's motion to dismiss.  *Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-M, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017).  He must, however, be capable of pleading "at least some facts relating to the calls he is claiming to have received on his own phone, such as the approximate number of offending calls or approximate date they were received." *Id.*

While Mr. Ortega pleads certain basic facts, such as his phone number that received the unwanted calls and the dates of two calls, he does not plead the number of unwanted calls he allegedly received, the names of the callers, nor details about the contents of any specific call.  And, while Mr. Ortega asserts that courts "consistently hold" that "allegations regarding the call's purpose, combined with the context and the caller's identity, are sufficient" to withstand a motion to dismiss, he cites no authority in support of this proposition.  Although Mr. Ortega's pleadings identify the dates of two unwanted calls, this level of detail is analogous to the level of detail provided in pleadings that have been found insufficient to state a claim.  *See Wass v. Amerigroup Texas, Inc.*, 4:20-cv-00445-BP, 2020 WL 4464361, at *4 (N.D. Tex. Aug. 3, 2020) (plaintiff failed to state a TCPA claim by alleging the date and approximate time of only one of five unwanted calls, without pleading the number of the caller).  Mr. Ortega's references to a campaign of unsolicited calls do not provide Defendant with the "required notice about what phone calls will be at issue in this case." *Cf. Callier v. MultiPlan, Inc.,* No. EP-20-CV-00318-FM, 2021 WL 8053527 (W.D. Tex. Aug. 26, 2021) (plaintiff stated a TCPA claim by pleading the time, date, and phone numbers of seven of nine unwanted calls).

9

Accordingly, the undersigned recommends that the District Court dismiss Mr. Ortega's claim for relief under the TCPA. Because Mr. Ortega's claim for relief under Section 305 of the Texas Business and Commerce Code is based on an alleged violation of 47 U.S.C. § 227, his allegations are likewise insufficient to state a claim under Section 305.[3] The District Court should therefore dismiss this state-law claim as well.

## C.     Plaintiff has failed to state a plausible claim for relief under 47 C.F.R. § 64.1200(d).

Mr. Ortega also alleges a violation of 47 C.F.R. § 64.1200(d)(6).[4] This regulation provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Subsection (d)(6) specifically provides that entities making telemarketing calls "maintain a record of a consumer's request not to receive further calls" and honor do-not-call requests for five years from the time the request is made. 47 C.F.R. § 64.1200(d)(6).

Defendant asserts that Mr. Ortega provides no factual details to support his allegation that he made "direct, oral do-not-call requests" on "numerous occasions." Mr. Ortega does not address Defendant's argument in his response. The undersigned finds that Mr. Ortega has failed to plausibly state a claim for relief under 47 C.F.R. § 64.1200(d). Mr. Ortega alleges that Defendant failed in its duty to record and honor his do-not-call request by "continuing to make

---

[3] Section 305, known as the "Texas TCPA," provides a state-law cause of action for violations of the federal TCPA. Tex. Bus. & Com. Code § 305.053(a). "If no violation of the TCPA exists, there is no violation of the Texas TCPA." *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 817 (S.D. Tex. 2014).

[4] District courts "within the Fifth Circuit have agreed that § 64.1200(d) was promulgated under § 227(c), and that there is a private right of action." *See Powers v. One Techs., LLC*, No. 3:21-CV-2091, 2022 WL 2992881, at *2 (N.D. Tex. July 28, 2022) (collecting cases).

subsequent telemarketing calls" after he instructed Defendant to stop contacting him.  However, as discussed above, Mr. Ortega pleads no further facts related to source, time, and frequency of the alleged calls.  Mr. Ortega therefore does no more to plead a violation of this regulation than offer the conclusory allegation that Defendant failed to "implement, maintain, and honor an internal do-not-call list" and/or intentionally decided to disregard his do-not-call requests. Without more, conclusory allegations are insufficient to state a claim for relief.  *Chhim*, 836 F.3d at 469.  Mr. Ortega's second TCPA claim should thus be dismissed as well.

**D.  The District Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim.**

Mr. Ortega's remaining claim is brought under Section 302 of the Texas Business and Commerce Code.  In deciding whether to exercise jurisdiction over pendent state-law claims, a district court should consider the statutory grounds for declining supplemental jurisdiction set forth in 28 U.S.C. § 1367(c), as well as the common-law factors of judicial economy, convenience, fairness, and comity.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  "These interests are to be considered on a case-by-case basis, and no single factor is dispositive."  *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).  Section 1367 authorizes a district court to decline to exercise supplemental jurisdiction over a state-law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

11

§ 1367(c).

In this case, the undersigned has recommended that the District Court grant Defendant's motion to dismiss as to all federal claims. Thus, this Court has discretion to decline to exercise supplemental jurisdiction over Mr. Ortega's state-law claim. *See* 28 U.S.C. § 1367(c). In addition, the common-law factors of judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction. At the time of the writing of this report and recommendation, the parties have not engaged in discovery. Dismissal of Mr. Ortega's state-law claim without prejudice therefore does not cause significant prejudice to Plaintiff. Moreover, the Court has not conducted any hearings on this case or otherwise had opportunity to thoroughly consider the merits of the state-law claim. Furthermore, the parties' briefing on Defendant's motion to dismiss does not address Mr. Ortega's Section 302 claim. Thus, few federal-court resources have been devoted to the consideration of the state-law claim. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 160 (5th Cir. 2011); *see La Porte Const. Co. v. Bayshore Nat. Bank of La Porte*, 805 F.2d 1254, 1257 (5th Cir. 1986) (reasoning that the judicial-economy factor favored remand because there was no commitment of federal-judicial resources). Furthermore, it is fair to have exclusively state-law claims heard in state court, and dismissal of state-law claims without prejudice to filing an action in state court furthers interests of federalism and comity; federal courts are courts of limited jurisdiction and are "not as well equipped for determinations of state law as are state courts. *Enochs*, 641 F.3d at 160 (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992)). The District Court should therefore dismiss Ortega's remaining state-law claim without prejudice.

## V.  Conclusion and Recommendation

Having considered Defendant's motion, Plaintiff's response, Defendant's reply, the governing law, and Plaintiff's pleading, the undersigned **recommends** that Defendant's Motion for Dismissal of Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) [#34] be **GRANTED** as to Plaintiff's claims under the TCPA as well as Section 305 of the Texas Business and Commerce Code.

It is **FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claim under Section 302 of the Texas Business and Commerce Code, and that this claim be **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

## VI.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985);

13

*Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 15th day of May, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE